NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| RANDI ROSS, | : | |
| | : | |
| | : | Civil Action No. 11-7153 (SDW) (MCA) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| JENNIFER ARENA and RUTGERS | : | |
| UNIVERSITY, | : | October 10, 2013 |
| | : | |
| Defendants. | : | |
| | : | |
| | : | |

**WIGENTON**, District Judge.

Before the Court is Rutgers, The State University of New Jersey ("Rutgers") and Jennifer Arena's ("Arena") (collectively "Defendants") Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56(c). The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331. Venue is proper under 28 U.S.C. § 1391. This Court, having considered the parties' submissions, decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated below, Defendants' Motion for Summary Judgment is **GRANTED**.

## FACTUAL HISTORY

Plaintiff is a former Rutgers employee and writing professor for the Rutgers-Newark Writing Program. (Defs.' Statement of Facts ("SOF") ¶¶ 2-3.) Plaintiff worked as a part-time lecturer at Rutgers beginning in the fall of 1998 for approximately twelve years. (Id. ¶¶ 3, 5.) Arena is currently the Director of the Rutgers-Newark Writing Program. (Id. ¶ 6.)

While Plaintiff was employed at Rutgers, she was a member of the Part-Time Lecturer Faculty Chapter, Rutgers Council of AUUP Chapters American Association of University Professors – American Federation of Teachers, AFL-CIO (the "Union"). (Id. ¶ 8.) Rutgers and the Union "entered into a collective negotiations agreement effective July 1, 2007 through June 30, 2011 ("CNA")." (Id. ¶ 9.) The CNA contains a "four-step Grievance Procedure for Grievances Arising Within the Executive Vice-President for Academic Affair's or Provost's Jurisdiction." (Id. ¶ 10.) Steps One, Two, and Three constitute a negotiated grievance process. (Id.) Step Four provides the Union with an option to arbitrate the grievance if it is unsatisfied with the decision made in Step Three. (Id. ¶ 11.)

Beginning in the spring of 2008, Arena began to receive complaints from Plaintiff's students about her performance such as tardiness and inappropriate conduct. (Id. ¶¶ 13-20.) Additionally, Arena observed that Plaintiff failed to comply with the Writing Program's curriculum. (Id. ¶¶ 15-18.) Arena discussed these concerns with Plaintiff on multiple occasions. (Id. ¶¶ 13, 17-18, 20-27.)

On October 2, 2009, Arena informed two Deans of the issues regarding Plaintiff's performance including: "(1) tardiness; (2) adherence to writing program policies; (3) consistency with pedagogical values and orientation of the writing program; and (4) numerous student complaints." (Id. ¶ 34.) In addition to the student complaints, which spanned from September 2009 to October 2010, Plaintiff received negative reviews on her student evaluations during the spring 2008, fall 2009, and spring 2010 semesters. (Id. ¶¶ 35-47.) On October 14, 2010, due to Plaintiff's poor performance, Plaintiff was informed by Arena that "she will not be appointed to teach any classes during the spring 2011 semester" in accordance with the CNA. (Id. ¶ 48.) Plaintiff then filed a grievance with the Union. (Id. ¶ 49.) On December 1, 2010, the President

of the Part-Time Lecturer Faculty Chapter (PTLFC)AA, filed a grievance on Plaintiff's behalf stating that the "poor teaching evaluations and student complaints are . . . without merit and do not justify termination." (Id. ¶ 50.) Further, Plaintiff was "not informed prior to termination of her employment . . . that there were conduct or performance issues that might jeopardize" her employment. (Id.)

On December 22, 2010, Arena denied Plaintiff's grievance at Step One based upon the student complaints and overall performance concerns. (Id. ¶ 51.) On January 20, 2011, Plaintiff appealed the Step One decision. (Id. ¶ 52.) On February 24, 2011, a Step Two hearing took place. (Id. ¶¶ 53-54.) On March 10, 2011, Plaintiff's grievance was denied at Step Two based upon the totality of the evidence. (Id. ¶ 55.) On March 23, 2011, Plaintiff requested a Step Three hearing, through the Union, to appeal the Step Two decision. (Id. ¶ 56.) On April 28, 2011, a Step Three hearing was held, and Plaintiff's grievance was again denied. (Id. ¶¶ 57-60.) Plaintiff's Union opted not to pursue the matter to arbitration. (Id. ¶ 61.)

**PROCEDURAL HISTORY**

Plaintiff filed her Complaint on or about October 12, 2011 in Superior Court in Essex County alleging: (1) defamation of character; (2) lack of procedural due process; and (3) breach of contract based on her Union's collective negotiations agreement. (Dkt. No. 1.) On December 8, 2011, Defendants removed the matter to this Court. (Id.) On May 22, 2013, Defendants filed the instant Summary Judgment Motion. (Dkt. No. 26.) Plaintiff did not oppose the Motion. (Dkt. No. 30.)

**LEGAL STANDARD**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV.

P. 56(a).  "[T]he mere existence of <u>some</u> alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no <u>genuine</u> issue of <u>material</u> fact."  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48 (1986).  A fact is only "material" for purposes of a summary judgment motion if a dispute over that fact "might affect the outcome of the suit under the governing law."  <u>Id.</u> at 248.  A dispute about a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  <u>Id.</u>  The dispute is not genuine if it merely involves "some metaphysical doubt as to the material facts."  <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986).

The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden of proof.  <u>See</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986).  Once the moving party meets its initial burden, the burden then shifts to the nonmovant who must set forth specific facts showing a genuine issue for trial and may not rest upon the mere allegations, speculations, unsupported assertions or denials of its pleadings.  <u>See</u> <u>Shields v. Zuccarini</u>, 254 F.3d 476, 481 (3d Cir. 2001).  "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'"  <u>Marino v. Indus. Crating Co.</u>, 358 F.3d 241, 247 (3d Cir. 2004) (quoting <u>Anderson</u>, 477 U.S. at 255).

The nonmoving party "must present more than just 'bare assertions, conclusory allegations or suspicions' to show the existence of a genuine issue."  <u>Podobnik v. U.S. Postal Serv.</u>, 409 F.3d 584, 594 (3d Cir. 2005) (quoting <u>Celotex Corp.</u>, 477 U.S. at 325).  Further, the

nonmoving party is required to "point to concrete evidence in the record which supports each essential element of its case." <u>Black Car Assistance Corp. v. New Jersey</u>, 351 F. Supp. 2d 284, 286 (D.N.J. 2004). If the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which . . . [it has] the burden of proof," then the moving party is entitled to judgment as a matter of law. <u>Celotex Corp.</u>, 477 U.S. at 322-23.

**DISCUSSION**

    **I.    Defamation of character**

"In order to prove defamation, a plaintiff must establish, in addition to damages, that the defendant (1) made a defamatory statement of fact (2) concerning the plaintiff (3) which was false, and (4) which was communicated to a person or persons other than the plaintiff." <u>Singer v. Beach Trading Co.</u>, 379 N.J. Super. 63, 80 (App. Div. 2005). "Whether a statement is defamatory depends on its content, verifiability, and context." <u>Lynch v. N.J. Educ. Ass'n</u>, 161 N.J. 152, 167 (1999). Statements of fact that can be proven to be true or false are actionable; however, statements of opinion are unverifiable and neither true nor false. <u>See id.</u> As the Third Circuit has noted, "[t]o survive a motion for summary judgment on a defamation claim, the plaintiff 'must plead facts sufficient to identify the defamatory words, their utterer and the fact of their publication. A vague conclusory allegation is not enough.'" <u>Robles v. U.S. Env't Universal Servs., Inc.</u>, 469 F. App'x 104, 109 (3d Cir. 2012) (quoting <u>Zoneraich v. Overlook Hosp.</u>, 212 N.J. Super. 83, 101 (App. Div. 1986)).

Here, Plaintiff claims that "Step One, Two, and Three Decisions of the grievance procedure . . . are untrue and constitute a defamation of my character." (Compl. at 4; <u>see</u> SOF ¶ 67.) In support, Plaintiff provides examples such as "[Arena] claims that when she wrote her

highly positive recommendation for me in 2008, she really didn't know me;" "[Arena] writes that she never heard such awful complaints about a teacher as students were giving her about me;" and "Ms. Arena also writes that I routinely got the lowest student evaluations in the program." (Compl. at 4-5.) Plaintiff testified that her defamation claim is based on the grievance decisions that allegedly contain distorted facts and untruths. (SOF ¶ 64.) However, Plaintiff did not provide any testimony further detailing the alleged defamatory statements. (See SOF ¶ 67.)

Based on the record, this Court finds that Plaintiff fails to set forth a viable, actionable claim for defamation. Although Plaintiff alleges that the union grievance "contain[ed] distortions, significant omissions of truth, and untruths that unfairly defame my character," she does not provide adequate facts or allegations in support of this contention. (Compl. at 3.) Importantly, performance evaluations—as they are grounded in expressions of opinion—cannot be used to support a defamation claim. See Kennedy v. Chubb Grp. of Ins. Companies, 60 F. Supp. 2d 384, 398 (D.N.J. 1999). As Plaintiff fails to satisfy a necessary element required to establish a claim for defamation, summary judgment as to this claim is warranted.

## II.      Lack of Procedural Due Process

To establish a procedural due process claim under 42 U.S.C. § 1983, a plaintiff must demonstrate two elements: (1) deprivation of an "asserted individual interest[] [that is] encompassed within the fourteenth amendment's protection of life, liberty, or property; and (2) [that] the procedures available [did not provide] the plaintiff with due process of law." Alvin v. Suzuki, 227 F.3d 107, 116 (3d Cir. 2000) (quoting Robb v. City of Philadelphia, 733 F.2d 286, 292 (3d Cir. 1984) (internal quotation marks omitted). "[A] state cannot be held to have violated due process requirements when it has made procedural protection available and the plaintiff has

simply refused to avail himself of them." Id. (quoting Dusanek v. Hannon, 677 F.2d 538, 543 (7th Cir. 1982) (internal quotation marks omitted)).  "Where a due process claim is raised against a public employer, and grievance and arbitration procedures are in place, [the Third Circuit has] held that those procedures satisfy due process requirements . . . ."  Dykes v. Se. Pa. Transp. Auth., 68 F.3d 1564, 1571 (3d Cir. 1995).

In the instant matter, this Court finds that the grievance procedure satisfied the demands of procedural due process.  Plaintiff fails to provide any facts supporting her claim that her due process rights were violated or that the grievance procedure was inadequate.  See Dykes, 68 F.3d at 1571.  To the extent that Plaintiff did have any issues, they were addressed during the negotiated grievance process.  (Defs.' Br. 15-20; see SOF ¶¶ 48-61.)  Furthermore, Plaintiff's Union determined that it was unnecessary to pursue arbitration with respect to Plaintiff's matter. (Defs.' Br. 6, 19; SOF ¶ 61.)  Plaintiff could have petitioned her Union to proceed to arbitration; however she chose not to do so.  (Defs.' Br. 19; SOF ¶ 11.)  At bottom, there is insufficient evidence to support Plaintiffs' claim for lack of procedural due process.  Accordingly, this Court finds that on the merits, no genuine issues of material fact exist and summary judgment is warranted.

### III.    Breach of Contract

Plaintiff claims that Rutgers's decision to terminate her was in breach of the Union's CNA.  (Compl. at 3.)  Under New Jersey's Employer-Employee Relations Act, N.J.S.A., 34:13A-5.3, "[g]rievance and disciplinary review procedures established by agreement between the public employer and the representative organization shall be utilized for any dispute covered by the terms of such agreement."  N.J. Stat. Ann. § 34:13A-5.3 (West 2013).  In the instant matter, the evidence shows that the CNA had a grievance procedure in place for such disputes

and Plaintiff utilized the grievance process.  (Defs.' Br. 15-19; <u>see</u> SOF ¶¶ 48-61.)  Specifically, Plaintiff engaged in three steps of the grievance procedure.  (Defs.' Br. 15-19; <u>see</u> SOF ¶¶ 48-61.)  Plaintiff's Union—within its discretion—made the decision not to pursue arbitration against Rutgers.  (Defs.' Br. 6, 19; SOF ¶ 61.)  As Defendants point out, arbitration would have resulted in a final, binding decision; however, Plaintiff chose not to petition the Union to carry out the matter to arbitration.  (<u>See</u> Defs.' Br. 6.)  Plaintiff has failed to identify any genuine issues of material fact with respect to this issue.

Additionally, this Court notes that Plaintiff is not a party to the CNA agreement.  Thus, Plaintiff lacks standing to maintain a claim for breach of contract in connection with the CNA agreement.  <u>See</u> <u>Hynes v. Clarke</u>, 297 N.J. Super. 44, 52 (App. Div. 1997) ("Employees have been labeled third party beneficiaries to a collective bargaining agreement negotiated on their behalf; however, their rights to sue under such an agreement are generally held by the union, as the signatory to the agreement.").

**CONCLUSION**

For the reasons stated above, Defendants' Motion for Summary Judgment is **GRANTED**.

<u>s/Susan D. Wigenton, U.S.D.J.</u>

cc:     Madeline Cox Arleo, U.S.M.J.